UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NOHEMI VAZQUEZ ,<br><br>    Defendant. | Case No.:  17cr984-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

### INTRODUCTION

Pending before the Court is Defendant Nohemi Vazquez' ("Defendant") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* Doc. No. 44. Plaintiff United States of America ("Government") filed a response and opposition to Defendant's motion. *See* Doc. No. 320. Having carefully considered the pleadings in this action and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

### BACKGROUND

On April 20, 2017, a three-count information was filed charging Defendant and co-defendant Guillermo Padilla in Count One with 21 U.S.C. §§ 952 and 960, Importation of Cocaine; in Count Two with 21 U.S.C. §§ 952 and 960, Importation of Heroin; and in Count Three with 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine. Doc. No. 31 at 4. On May 4, 2017, Defendant entered into a plea agreement with the Government

and pled guilty to all counts. *See* Doc. No. 23. The Court sentenced Defendant to a 72-month term of imprisonment followed by 3 years of supervised release. Doc. No. 40.

On April 28, 2018, Defendant filed the instant motion for a reduction of sentence, claiming she was misinformed by her attorney when she was sentenced. Doc. No. 44 at 4. Defendant alleges that her attorney claimed she would only serve 4 years. *Id.* The United States filed a response and opposition to Defendant's motion.

## DISCUSSION

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Leniar,* 574 F.3d 668, 673 (9th Cir. 2009) (internal quotations omitted). Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013). The Supreme Court held in *Dillion v. United States,* 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." *Id.* at 826. At step one, the court must determine whether a sentence reduction would be consistent with the Commission's guidelines in section 1B1.10. *Id.* At step two, the court shall consider any applicable § 3553(a) factors and determine whether the reduction authorized by reference at step one is warranted in whole or in part under the circumstances of the case. *Dillion,* 560 U.S. at 827.

Here, Defendant is not seeking a sentence reduction on the basis of her guideline range being lowered by the Sentencing Commission. Defendant petitions for a sentence reduction after allegedly being misinformed by her counsel regarding her possible sentence. However, Defendant is unable to satisfy the requisite step one inquiry under 18 U.S.C. § 3582(c)(2). In order for this Court to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2), her sentencing Guideline must have been subsequently lowered by the Sentencing Commission. *Dillion,* 560 U.S. at 831. During Defendant's sentencing in 2017, Defendant had a base offense level of 38, pursuant to the United States Sentencing Guidelines § 2D1.1 of the 2016 Sentencing Guidelines. *See* Doc. No. 31 at 7. In accordance

with the most recent Sentencing Guidelines, Defendant's base offense level and Guideline range remains unchanged. *See* U.S.S.G. §2D1.1 (2018). Therefore, the Commission has not amended the Guidelines in a way that would entitle Defendant to a reduced sentence under 18 U.S.C. § 3582(c)(2). Accordingly, Petitioner is not entitled to a reduced sentence.

## CONCLUSION

Accordingly, IT IS HERE BY ORDERED that Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 16, 2020

_____
Hon. John A. Houston
United States District Judge